IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Eric Tyrone Russell, Sr., :

    Plaintiff, :

v. : Case No. 2:05-cv-0016

Butler County Board of : JUDGE SARGUS
Commissioners, et al.,
:
    Defendants.

OPINION AND ORDER

On February 18, 2005, after conducting an initial screening under 28 U.S.C. §1915A, the Magistrate Judge issued a Report and Recommendation recommending that Mr. Russell's complaint be dismissed. On June 27, 2005, Mr. Russell filed objections to the Report and Recommendation. For the following reasons, Mr. Russell's objections will be overruled and the Report and Recommendation will be adopted in its entirety.

The Court first will address the question of whether Mr. Russell's objections were timely filed. Under 28 U.S.C. §636(b)(1), a party has ten days from the date of the Report and Recommendation to file objections. Mr. Russell was granted two extensions of time to file objections, the second of which extended the deadline to June 22, 2005. Although his objections were not received by the Court until June 27, 2005, review of the document reveals that it was mailed on June 16, 2005. Because Mr. Russell is a prisoner, his objections are deemed filed on the date he placed them in the prison mail system. See Tate v. Hemingway, 8 Fed. Appx. 361, 363 (6th Cir. 2001); Edwards v. United States, 266 F.3d 756, 758 (7th Cir. 2001); In re Rashid, 210 F.3d 201, 204 (3d Cir. 2000); Garrett v. United States, 195 F.3d 1032, 1034 (8th Cir. 1999); Anyanwutaku v. Moore, 151 F.3d 1053, 1057 (D.C. Cir. 1998). Since Mr. Russell's objections are deemed to have been filed on June 16, 2005, they are properly before the Court.

1

In the complaint, Mr. Russell named three defendants: the Butler County Board of Commissioners, Butler County Prosecutor Robin Piper, and State/County Public Defender Terri King. He asserts claims against all of the defendants under 42 U.S.C. §1983 for various events that occurred during his trial in state court. In the Report and Recommendation, the Magistrate Judge concluded that Mr. Russell's claims against the Butler County Board of Commissioners stemmed from its supervisory role over Judge Sage, who presided over Mr. Russell's criminal trial in state court. The Magistrate Judge explained that the Board of Commissioners is subject to suit under §1983, but to state a viable claim, liability must be based on more than simply the right to control. See Ridgeway v. Union County Comm'rs, 775 F. Supp. 1105, 1110 (S.D. Ohio 1991). The Magistrate Judge concluded that Mr. Russell claimed only that the county commissioners had supervisory authority over Judge Sage and, thus, recommended that Mr. Russell's claims against them be dismissed. Regarding Mr. Piper, the Magistrate Judge concluded that as a prosecutor, he enjoys absolute immunity from suit under §1983. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Thus, the Magistrate Judge recommended that Mr. Russell's claims against Mr. Piper be dismissed. Regarding Ms. King, Mr. Russell's public defender, the Magistrate Judge concluded that although she did not have immunity from suit under §1983, she was not subject to suit under that statute because she was not a state actor. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Thus, the Magistrate Judge recommended that Mr. Russell's claims against Ms. King be dismissed.

In his objections, Mr. Russell focuses on his allegations against Judge Sage and Ms. King. Regarding Judge Sage, Mr. Russell claims that he discriminated against him at trial based on Mr. Russell's religious beliefs. As was pointed out in the Report and Recommendation, Judge Sage is not a named defendant to the action. Even if he were, as explained in the Report and Recommendation, it is a well-established principle that judges are immune from civil liability for actions taken in the exercise of their judicial functions. See Bradley v. Fisher, 80 U.S. 335, 347 (1871). Therefore, Judge Sage is immune from suit for actions taken in his judicial capacity. See id. Mr. Russell's objection on this ground is overruled.

Regarding Ms. King, Mr. Russell claims that he has a viable claim against her for violating his Sixth Amendment right to effective assistance of counsel. He attached a copy of

2

Ohio v. Atalla, 157 Ohio App.3d 698 (Summit Co. 2004), in support of this claim. Review of this case reveals that it is a defendant's appeal of his conviction in which he alleges, among other things, ineffective assistance of counsel. The Court adopts the Magistrate Judge's conclusion that Ms. King is not subject to suit under §1983 because she is not a state actor. See Dodson, 454 U.S. at 325. Consequently, Mr. Russell's claim of ineffective assistance of counsel is one that only would properly be raised in an appeal of his conviction, as it was raised in Atalla, or in a habeas corpus petition, but not in an action under §1983. See Dockery v. Tucker, 73 F.Supp.2d 224, 231 (E.D.N.Y. 1998)(explaining that "[i]neffective assistance of counsel is a matter to be raised on appeal, or by collateral means, attacking the conviction in state court.... [Section 1983] was not enacted to appease disaffected clients by fining their attorney"). Therefore, Mr. Russell's objection on this ground is overruled.

Based on the foregoing, Mr. Russell's objections (file doc. #11) are OVERRULED and the Report and Recommendation (file doc. #4) is ADOPTED IN ITS ENTIRETY. This case is DISMISSED.

Date: 7-21-2005

Edmund A. Sargus, Jr.
United States District Judge

3